UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

GRUN PROPERTIES, LLC

        Plaintiff,

v.

SACHEM CAPITAL CORP.

        Defendant.

Case No. _____

## COMPLAINT

Plaintiff Grun Properties, LLC ("Grun Properties" or "Plaintiff"), by and through its undersigned counsel, complains against Defendant Sachem Capital Corp. ("Sachem" or "Defendant") as follows.

### Parties

1. Grun Properties is a Maine limited liability company that owns certain commercial real property located in Cumberland, Maine (the "Commercial Property").

2. Sachem is, upon information and belief, a New York corporation with a place of business at 568 Main Street, Branford, Connecticut.

### Jurisdiction and Venue

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). The amount in controversy exceeds $75,000.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the causes of action described herein occurred in Maine and a substantial part of the property that is subject to the actions is situated in this state.

**Factual Background**

5. Marlene H. Eaton ("Eaton") is the sole member and manager of Grun Properties.

6. James F. Schmidt ("Schmidt") is the husband of Eaton and serves as project manager for construction of the Commercial Property.

7. In August of 2021, Grun Properties borrowed $2.5 million from Sachem pursuant to (i) a Commercial Promissory Note dated August 27, 2021; (ii) a 12 Month Addendum to Commercial Property Note dated August 27, 2021; and (iii) a Construction Rider to Note and Security Instrument dated August 27, 2021 (collectively the "Commercial Note"). The Commercial Note was secured by, *inter alia*, a mortgage on the Commercial Property (the "Commercial Mortgage") and by its terms required all amounts lent to be repaid by August 27, 2023.

8. Eaton provided Sachem with a guaranty of Grun Properties' obligations to Sachem (the "Guaranty"). A true and accurate copy of the Guaranty is attached hereto as **Exhibit 1**. To secure the Guaranty, Eaton provided Sachem with a mortgage on certain real property she owns in Casco Maine (the "Casco Property").

9. In March of 2023, Grun Properties (through Eaton and Schmidt) negotiated a modification of the Commercial Note whereby Sachem agreed, *inter alia*, to increase the total amount lent from $2,500,000 to $4,647,271.88, in order to provide funding to complete construction of the Commercial Property, and to extend the maturity date of the loan through August 27, 2024.

10. This modification was memorialized in a Commercial Funding Estimate (Modification) dated March 29, 2023 (The "CFE"). A true and accurate copy of the CFE is attached hereto as **Exhibit 2**. The CFE was signed by Eaton on behalf of Grun Properties and approved and

signed by Anthony Mascia ("Mascia") on behalf of Sachem, apparently in his capacities as Co-Director, Underwriter/Accounting, and CEO. Sachem agreed to prepare all of the documentation needed to effectuate the CFE.

11. After execution of the CFE and in reliance on the same, Grun Properties took various steps based on its expectation that Sachem would be advancing additional funds to complete construction of the Commercial Property, and extending the loan maturity date, all as set forth in the CFE. These steps included continuing to fund construction on the Commercial Property, obtaining releases of encumbrances on the Casco Property that were senior to the Sachem guaranty mortgage on the same, and clearing title on another property in Gardiner, Maine that was to be pledged as additional collateral for the modified loan.

12. On or about April 17, 2023, and consistent with the Commercial Mortgage as modified by the CFE, Grun Properties sent a construction draw request to Sachem seeking $323,282.96 to fund various construction costs, including $143,325.00 for roof trusses ("Draw Request 17"). A true and accurate copy of Draw Request 17 is attached hereto as **Exhibit 3**.

13. On April 27, 2023, Schmidt, on behalf of Grun Properties, sent an email to Mascia in which Schmidt asked: "I have a CFE dated March 29, 2023 signed by you and Marlene Eaton. The later dated CFE (April 21) is not approved by you and signed. Do I Presume that the March 29 CFE is the correct one?" Masia responded on behalf of Sachem: "Yes the March 29th." A true and accurate copy of this email exchange is attached hereto as **Exhibit 4**.

14. On May 9, 2023, Sachem – through Mascia – informed Grun Properties via email that Sachem hoped to get documents implementing the CFE "out today/tomorrow." A true and accurate copy of this email is included in **Exhibit 5**.

15. On May 14, 2023, Sachem funded the roof truss portion of Draw Request 17, as evidenced by, *inter alia*, a Sachem billing statement dated May 31, 2023 (the "May Statement"). A true and accurate copy of this May Statement is attached hereto as **Exhibit 6**.

16. Sachem never provided those documents. Instead, without any notice to Grun Properties, it reneged on the promises it made to Grun Properties in the CFE and, on July 5, 2023, it declared the original Commercial Note to be in default by a letter of that date. In addition, Sachem demanded immediate repayment of the Commercial Note (the "Default Notice"), and it ceased advancing funds for completion of the Commercial Property. A true and accurate copy of the Default Notice is included in **Exhibit 7**.

17. Sachem then began foreclosure proceedings against the Commercial Properties and has sought to exercise its legal remedies against related persons and entities

18. A foreclosure sale is now scheduled for January 4, 2024 at 11:00 a.m.

## Count I
## Breach of Contract

19. Grun restates and realleges the allegations made above in paragraphs 1 to 18 of the Complaint as if set forth herein.

20. As set forth herein, Sachem has breached its obligations to Grun Properties under the CFE, and, as a result of that breach, it has forced Grun Properties to seek to refinance of the Commercial Property so that it can repay the Commercial Note.

21. Any delay in repayment of the Commercial Note is attributable to the breach of contract by Sachem and the damages caused to Grun Properties by reason thereof.

22. Grun Properties will be irreparably harmed by being forced at this time to repay the Commercial Note.

23. While Grun Properties seeks a refinancing of the Commercial Note, Sachem retains its mortgage securing the same. The Commercial Property is now worth an amount substantially in excess of the amount due under the Commercial Note and the Commercial Mortgage.

24. The current value of the Commercial Property substantially exceeds the amount currently due to Sachem, which amount is secured by a first mortgage on the Commercial Property. Accordingly, Sachem will not be harmed by delay in repayment of the Commercial Note, resulting from the efforts of Grun Properties to seek a refinancing of that note.

25. Under these circumstances, the public interest is served by enjoining Sachem from enforcing its Commercial Note before efforts to seek a refinancing of the same are completed.

WHEREFORE, Grun Properties respectfully requests the Court enter an Order (a) finding that Sachem has breached its obligations to Grun Properties under the CFE and that Grun Properties has been damaged by said breach; (b) awarding Grun Properties damages in an amount to be determined; (c) granting preliminary and permanent injunctive relief in favor of Grun Properties against efforts by Sachem to enforce the Commercial Note and/or the Commercial Mortgage; and (d) granting such other and further relief as the Court deems just and appropriate.

## Count II
### Promissory Estoppel

26. Grun Properties restates and realleges the allegations made above in paragraphs 1 to 18 of the Complaint as if set forth herein.

27. The CFE constituted an enforceable promise by Sachem to Grun Properties that Sachem would, *inter alia*, lend additional funds to Grun Properties to enable it to complete construction of the Commercial Property, and extend the due date of that obligation, as set forth above.

28. That promise was breached by Sachem.

29. The breach of that promise would reasonably induce action on the part of Grun Properties to mitigate the damage caused by that breach.

30. Grun Properties has undertaken action to mitigate the damage caused by that breach.

WHEREFORE, Grun Properties respectfully requests the Court enter an Order (a) finding that Sachem is estopped from seeking to exercise any rights or remedies against Grun Properties arising under the Commercial Note and the Commercial Mortgage; and (b) granting such other relief as the Court deems just and appropriate.

### Count III
### Declaratory Judgment
### 14 M.R.S.A. § 5951

31. Grun Properties restates and realleges the allegations made above in paragraphs 1 to 18 of the Complaint as if set forth herein.

32. An actual controversy exists with respect to whether Sachem may lawfully enforce the Commercial Note, or the Commercial Mortgage at this time.

33. As such, it would be unjust to Grun Properties to enable Sachem to enforce the Commercial Note or the Commercial Mortgage at this time by reason of the breach by Sachem of the contract evidenced by the CFE by Sachem.

34. Justice requires that Sachem's promise to provide financing for the completion of construction of the Commercial Property be enforced and that it be prohibited from enforcing the Commercial Note and the Commercial Mortgage.

WHEREFORE, Grun Properties respectfully requests the Court, pursuant to the Uniform Declaratory Judgment Act, 14 M.R.S.A. § 5951, enter an Order (a) finding and determining that Grun Properties is not obligated to repay the Commercial Note or the Commercial Mortgage at

this time; (b) finding and determining that Sachem is obligated to fulfill its promise to provide financing for completion of the Commercial Property, and (c) granting such other relief as the Court deems just and appropriate.

DATED:  December 22, 2023

/s/ Lee H. Bals
George J. Marcus, Bar No. 1273
Lee H. Bals, Bar No. 3412
K. Blair Johnson, Bar No. 10406

Attorneys for Plaintiff Grun Properties, LLC

MARCUS | CLEGG
16 Middle Street, Unit 501
Portland, ME  04101
(207) 828-8000